UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIRGINIA CHOW** | **CIVIL ACTION NO: 24-CV-480** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **"DEFENDANT 1"** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

## ORDER AND REASONS

Before the Court is an Emergency Motion for Temporary Restraining Order ("TRO") filed by Plaintiff Virginia S. Chow ("Plaintiff"). R. Doc. 9. For the reasons assigned below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On February 24, 2024, Plaintiff filed suit in this Court alleging an individual Plaintiff identifies as "Defendant '1'" deceived Plaintiff into transferring approximately $380,000 worth of cryptocurrency into his private cryptocurrency wallet addresses (the "Destination Addresses"). R. Docs 1 and 11. Plaintiff alleges she met Defendant 1 online in August 2021, and Defendant 1 misrepresented that he would teach Plaintiff how to successfully trade cryptocurrency. R. Doc. 11 at ¶ 18. Defendant 1 represented to Plaintiff that he was using various websites allegedly owned and operated by Coinbase, a decentralized perpetual exchange used to trade cryptocurrencies. *Id.* at ¶ 20. Apparently, these websites were not associated with Coinbase and instead were fraudulent copycat websites used to deceive individuals "into believing they were investing on a legitimate cryptocurrency exchange owned and operated by Coinbase." *Id.* at ¶ 22. Plaintiff alleges she made a total of eleven transactions from her cryptocurrency accounts into the Destination Addresses and has since been unable to access her assets. *Id.* at ¶ 26, 33, 35. Plaintiff has retained

CNC Intelligence, a forensic cryptocurrency tracing company, which has traced Plaintiff's assets to accounts believed to be under the control of Defendant 1.  *Id.* at ¶¶ 34-36.

April 4, 2024, Plaintiff filed an Amended Complaint asserting claims for (1) conversion; (2) unjust enrichment; (3) imposition of constructive trust and disgorgement of funds; and (4) conspiracy under state law.  R. Doc. 11.  On April 5, 2024, Plaintiff filed this motion for a TRO, which the Court deferred ruling on until Plaintiff properly alleged federal jurisdiction.  Plaintiff filed a Second Amended Complaint on April 15, 2024.  R. Doc. 11.  Satisfied that Plaintiff has met her burden to establish diversity jurisdiction, the Court now turns to the motion.

## LEGAL STANDARD

To be entitled to a TRO, the plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.  *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).  Injunctive relief is an extraordinary remedy and, thus, the moving party must "clearly carr[y] the burden of persuasion on all four elements."  *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (internal quotations and citations omitted).

In addition to the aforementioned factors, a TRO without notice to the adverse party may be issued only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).  A TRO issued without notice likewise "must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued

without notice; and be promptly filed in the clerk's office and entered into the record." FED. R. CIV. P. 65(b)(2). The TRO "expires at the time after entry—not to exceed 14 days—that the court sets." *Id.*

## ANALYSIS

Plaintiff succeeds on all requisite elements for a TRO. First, Plaintiff has shown a substantial likelihood of success on the merits of her conversion claim. To succeed on a conversion claim under New York law,[1] Plaintiff must show her possessory right or interest in the property and Defendant 1's dominion over the property or interference with it, in derogation of her rights. *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 42, 49-50 (N.Y. 2006). Plaintiff has alleged facts and produced evidence suggesting that she transferred approximately $380,000 into Defendant 1's private cryptocurrency wallet address. R. Doc. 11 at 30. The record indicates Defendant 1 has no right to these assets, and that Plaintiff's inability to access these funds constitutes interference with Plaintiff's property.[2] *Id.*

Second, Plaintiff has shown she will suffer irreparable harm absent a TRO. Plaintiff's potential to recover her assets almost certainly disappears if Defendant 1 transfers the allegedly stolen cryptocurrency into inaccessible digital wallets. And because of the anonymity and speed at which cryptocurrency transactions have the potential to be made, a TRO is necessary to prevent Defendant 1 from transferring Plaintiff's allegedly stolen assets into unreachable or unidentifiable digital wallets. *See, e.g., Astrove v. Doe*, No. 22-CV-80614, 2022 WL 2805313, at *3 (S.D. Fla. Apr. 22, 2022).

---

[1] Plaintiff alleges New York state law applies because Plaintiff lives in New York; the acts giving rise to this action occurred in New York; and New York policies are most impaired if its law is not applied. R. Doc. 9 at ¶ 16 n.13.

[2] Even if Louisiana law applies in this case, Plaintiff has established a substantial likelihood of success on the merits of his conversion claim. *F.G. Bruschweiler Antiques, Ltd. v. GBA Great Brit. Antiques, LLC*, 860 So.2d 644, 649-50 (La. App. 5 Cir. 2003) (explaining that under Louisiana law, conversion occurs "when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's right").

3

The third and fourth factors likewise weigh in favor of a TRO. As to the third factor, the balance of hardships favors Plaintiff. Absent a TRO, Plaintiff runs the risk of permanently losing hundreds of thousands of dollars. While the Court is sensitive to the potential inconvenience of hardship this action may impose on Defendant 1, this risk outweighs any hardship Defendant 1 will suffer by having his cryptocurrency accounts frozen until such a time as the Court may hold a hearing in this matter. The fourth factor, which inquires as to whether a TRO would harm the public interest, yields the same conclusion. A TRO in a case like this serves to promote the objectives of the United States "Department of Treasury in providing assurance that courts will protect and aid investors in the recovery of stolen assets." *Yogaratnam v. Dubois*, No. 24-CV-393, 2024 WL 758387, at *4 (E.D. La. Feb. 23, 2024) (citing *Hikmatullaev v. Villa*, No. 23-CV-22338, 2023 WL 4373225, at *3 (S.D. Fla. June 28, 2023)).

Finally, the Court finds a TRO may be entered absent notice to Defendant 1 because the Amended Complaint provides specific facts which, if true, show Plaintiff will suffer an immediate and irreparable loss before Defendant 1 can be heard in opposition to this motion.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for a TRO is **GRANTED**, and a TRO is entered as follows:

1. Defendant 1 and his agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which he acts or who act in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, are hereby temporarily restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of Defendant 1 or any business

entity through which he acts or which act in active concert or participation with him; including but not limited to those assets currently held in (1) the Destination Addresses; (2) any account at any other financial institution, bank, trading exchange, or investment firm; and (3) any cryptocurrency wallet or cryptocurrency trading account he maintains or control anywhere other than in the Destination Addresses.

2. Notice was not provided to Defendant 1 prior to entry of this Order because his identity is presently unknown to Plaintiff and because of the risk that Defendant 1 will transfer Plaintiff's allegedly stolen assets to an untraceable account.

3. Federal Rule of Civil Procedure 65(c) requires that security be posted by Plaintiff.  The Court has determined that $100 is adequate to pay the costs and damages, if any, sustained by any party found to have been wrongfully enjoined or restrained by this Order. Therefore, pursuant to Rule 65(c), Plaintiff, **on or before April 26, 2024**, post a bond in the amount of $100 to secure this Order.  In lieu of a bond, Plaintiff may post cash or its equivalent with the Clerk of Court.

4. Upon a showing of good cause by any party-of-interest, the Court may enter an order amending the amount of Plaintiff's bond requirement as a means of providing a source of funds to which Defendant 1 may be entitled for a wrongful injunction or restraint.

5. This TRO shall expire **fourteen days** from its entry unless, for good cause shown, the Order is extended or Defendant 1 consents that it should be extended for a longer period of time.  Additionally, the Court may, upon demonstration of good cause by any party-of-interest, shorten or lift this Order.

6. A hearing is set for **April 24, 2024, at 3:00 p.m.** at the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130,

Courtroom C-555, for the purpose of determining whether to convert this TRO into a preliminary injunction.

New Orleans, Louisiana, this 16th day of April 2024.

                                            **DARREL JAMES PAPILLION**
                                            **UNITED STATES DISTRICT JUDGE**