UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIRGINIA CHOW | CIVIL ACTION NO: 24-CV-480 |
| VERSUS | JUDGE DARREL JAMES PAPILLION |
| "DEFENDANT 1" | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

## ORDER AND REASONS

Before the Court is Plaintiff Virginia Chow's Motion for an Order Authorizing Alternative Service of Process on Foreign Defendant Pursuant to Rule 4(f)(3). R. Doc. 13. Specifically, Plaintiff seeks to serve Defendant via Non-Fungible Token ("NFT") electronic transfer and via website posting. Plaintiff argues that this alternative service is necessary and appropriate because Defendant operates a global internet cryptocurrency fraud and conversion scheme, the subject of this case, via the internet and cryptocurrency blockchain electronic technology.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 4 allows a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. FED. R. CIV. P. 4(f)(3)(1),(3). Provided these conditions are met, the district court has "considerable discretion" to authorize alternative service means. *Affinity Labs of Tex., LLC v. Nissan N. Am.*, No. 13-CV-369, 2014 WL 11342502 (W.D. Tex. July 2, 2014) (internal citation omitted).

Here, Plaintiff has demonstrated that she is entitled to serve Defendant through NFT electronic transfer and website posting. As a threshold matter, these methods of service are not precluded by the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters. *See* Hague Convention on the Service Abroad of

Judicial and Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.  Nor has China specifically objected to service via NFT electronic transfer or posting on a website.  *See Bandyopadhyay v. Defendant 1*, 2022 WL 17176849, at *2 (S.D. Fla. Nov. 23, 2022) (citing *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-CV-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015)).  Moreover, service by NFT electronic transfer and website posting is reasonably calculated to give notice to Defendant.  In her Amended Complaint, Plaintiff alleges that her communication with Defendant occurred exclusively online and that the cryptocurrency scheme was facilitated online using cryptocurrency blockchain technology.  Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Record Document 13) is **GRANTED**, without prejudice to Defendant's opportunity to challenge service and/or personal jurisdiction.  Plaintiff is authorized to serve Defendant as follows:

1. Via blockchain transfer of Plaintiff's NFTs to Defendant's crypto wallet addresses (providing Notice, Summons language and Plaintiff's Website address http://usdcourtservice.com/cv-00480); and

2. Via website posting by posting a copy of the Summons, Second Amended Complaint, and all filings in this matter on Plaintiff's service website appearing at the URL https://usdccourtservice.com/cv-00480.

New Orleans, Louisiana, this 19th day of April 2024.

*[signature]*

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**